UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

TIMOTHY DAVIS, SR                                                                 PLAINTIFF

V.                                  No. 2:22-CV-00009-LPR-JTR

DOES, Arkansas County Detention Center                                      DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Discussion

Plaintiff Timothy Davis, Sr. ("Davis"), an inmate at the Arkansas County Detention Center ("ACDC"), filed a *pro se* § 1983 Complaint alleging that, on August 21, 2021, he had what he believes was a "light heart attack" *Doc. 1 at 1*. When unidentified "jailers" came into his pod to check on him, another inmate escaped. *Id*. Afterwards Davis alleges "they"—presumably the unidentified jailers—

took him to a visitation room, without a bathroom, and locked him inside for four days, without allowing him to seek medical attention or use the bathroom. *Id*. Additionally, Davis alleges "they" believed he helped the other inmate escape, so "they" falsely charged him with escape, even though he "had nothing to do with it." *Id. at 1-2*. Lastly, Davis alleges that, after spending four days in the visitation room, "they … locked [him] in a cell 24/7 for 12 more days before letting [him] out." *Id.*

On March 14, 2022, after conducting an initial screening[1] of Davis's Complaint, the Court issued an Order noting several deficiencies, including that "Davis's vague Complaint d[id] not: (1) name any Defendant; (2) name or otherwise identify the "jailers" involved; (3) state whether, at the time of the incident, he was in ACDC as a pretrial detainee or a convicted prisoner; or (4) state any constitutional claims against anyone [or] state the nature of the relief he is seeking." *Doc. 5 at 2*. The Court allowed Davis 30 days to file an Amended Complaint providing additional facts to correct the noted deficiencies. *Id. at 2-4*.

On March 28, 2022, Davis filed an *unsigned* Amended Complaint. *Doc. 6*. Pursuant to Federal Rule of Civil Procedure 11(a), a *pro se* litigant *must sign* every pleading and motion, and a court "must strike an unsigned paper unless the omission

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

is promptly corrected." To remedy this deficiency, the Court entered an Order directing the Clerk to mail Davis a copy of the signature page from his Amended Complaint, with instructions for him to sign and return the signature page to the Clerk, within 30 days. *Doc. 7*. This Order made it clear that, if he failed to sign and return the signature page of his Amended Complaint, it would be stricken from the record. *Id.* The Court explained this would result in it being required to screen Davis's Complaint (*Doc. 2*), and would likely result in his Complaint being dismissed, without prejudice, for failure to state a claim for relief. *Id. at 2*.

Davis has not complied with the Court's April 18, 2022 Order. Accordingly, the Court cannot consider anything in his unsigned Amended Complaint (*Doc. 6*), which should be stricken from the record. *See* Fed. R. Civ. P. 11(a).

For Davis's Complaint (*Doc. 1*) to survive § 1915A screening, it "must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal,* 556 U.S. at 678. Finally, it is Davis's obligation to plead facts showing how *each defendant* was *personally involved* in the alleged constitutional wrongdoing. *Id. at 676*.

Because the vague and conclusory allegations in Davis's Complaint do not name or identify *any* Defendant or plead *any facts* demonstrating how *any* Defendant was *personally involved* in any alleged constitutional wrongdoing, his Complaint (*Doc. 1*) should be dismissed, without prejudice, for failure to state a claim.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Davis's unsigned Amended Complaint (*Doc. 6*) be STRICKEN from the record, pursuant to Federal Rule of Civil Procedure 11(a).

2. Davis's Complaint (*Doc. 1*) be DISMISSED, WITHOUT PREJUDICE, for failure to state a claim.

DATED this 27th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE